# PRALL v. PRALL.*

DEEDS; LIFE TENANTS; REMAINDERS; RULE IN SHELLEY'S CASE.

1. Under a deed conveying a life estate to the children of the grantor, with remainders to their children as tenants in common in fee

---

*Shelley's Case.*—For exhaustive note on the rule in *Shelley's Case,* see 29 L.R.A.(N.S.) 963.

simple, the remainders vest in the child first born to one of the life tenants, as sole representative of a class, which, however, is liable to be augmented by the birth of other children.

2. A grantor who conveys premises to his children for life, with remainders to their children as tenants in common in fee simple, intends that the latter shall take directly from him as purchasers, and not by devolution from their parents; and such intent will be given effect to the exclusion of the rule in *Shelley's Case.* (Citing *Vogt* v. *Vogt,* 26 App. D. C. 46, and *Vogt* v. *Graff,* 33 App. D. C. 356.)

No. 2391.    Submitted May 6, 1912.    Decided May 30, 1912. ·

HEARING on an appeal from a decree of the Supreme Court of the District of Columbia directing the sale of premises by a trustee and the disposition of the proceeds.

*Modified and affirmed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from a decree in the supreme court of the District directing the sale of the premises known as Nos. 918 to 920, inclusive, Sixteenth street, N. W., by the National Savings & Trust Company, trustee, and adjudging appellant to be entitled to a one-fourth interest in the net proceeds of the sale of said real estate, less so much as may be necessary to discharge existing liens against such interest, the decree further directing the remaining three fourths of such net proceeds to be retained by the trustee for reinvestment, under the provisions of sec. 100 of the District Code [31 Stat. at L. 1205, chap. 854]. "The question of accounting and other matters embraced in the bill of complaint" are, by the decree, "reserved for the further consideration of and determination by the court."

The facts material to this opinion are substantially as follows:    On May 17, 1882, William E. Prall, Sr., executed a deed in which he conveyed to his four infant children, William E. Prall, Jr., Emma C. Prall, Annie M. Prall, and Jennie M. Prall, said above-described premises, "for and during their natural life, as tenants in common, *with remainders to the children of the said parties of the second part, their heirs and assigns, as tenants in common in fee simple.*"    William E. Prall, Jr.,

thereafter intermarried with complainant. The issue of this marriage was a son, who died at the age of about fourteen years, leaving his father and mother surviving. Thereafter the father died, leaving a will devising his entire estate to appellant. Emma Prall intermarried with a Mr. Knorr. The issue of this marriage is a daughter, Gladys, whose birth occurred after that of appellant's son. Annie M. Prall intermarried with a Mr. Fahnstock, and Jennie M. Prall is unmarried. The original bill of complaint was filed on March 31, 1904. A decree was entered on January 9, 1906, in which the question of accounting was reserved and the property directed to be sold by the trustee. Nothing resulted from this decree. Thereupon the appellant herein filed a petition asking that the decree be vacated, and that the deed, to which reference has been made, be construed, and the rights of the parties in interest determined. The present decree resulted. This decree was passed with the consent of the other parties in interest.

*Mrs. Elizabeth C. Prall* in person for the appellant.

*Mr. Hayden Johnson* and *Mr. H. B. F. Macfarland* for the appellees.

Mr. Justice Robb delivered the opinion of the Court:

Sec. 93 of the Code in terms authorizes the court to "decree a partition of any lands, tenements, or hereditaments, on the bill or petition of any tenant in common claiming by descent or purchase, or of any joint tenant or coparcener who was such at the date of this Code," and to decree a sale thereof, and a division of the proceeds, when it appears that a division in kind may not be made without loss or injury to the parties interested. Sec. 100 of the Code provides that whenever one or more persons shall be entitled to an estate for life or years, or a base or qualified fee simple, or any other limited or conditional estate in lands, and any other person or persons shall be entitled to a remainder or remainders, vested or contingent,

the court may, on the application of any of the parties in interest, and if all the parties in being are made parties to the proceeding, "decree a sale or lease of the property, if it shall appear to be to the interest of all concerned, and shall direct the investment of the proceeds so as to inure in like manner as provided by the original grant to the use of the same parties who would be entitled to the land sold or leased." The jurisdiction of the court, under these sections of the Code, to pass the decree under review, is not disputed. We therefore immediately pass to a consideration of that decree.

Appellant contends that upon the birth of her son the title to the entire remainder of said estate vested in him, to the exclusion of the child or children of the other life tenants, and that upon his death his interest vested in his father, and, under his will, passed to appellant. The appellees, on the other hand, while not disputing that a one-fourth interest in said estate is now vested in appellant, contend that the time has not arrived for the determination of the precise interests of the parties. While the decree appealed from does not in terms purport to construe the deed in question, nor determine the entire interest of the appellant in said estate, it is so worded as in our view to permit the appellees hereafter to contend that it does precisely define the interest of appellant; in other words, that as to her it is in the nature of a final decree. In view of the situation, and having in mind that this is a proceeding in equity, in which the court has jurisdiction of the parties and the subject-matter, we will examine said conveyance with a view to the determination of the question as to the present interest of the appellant in the estate conveyed thereby.

An examination of said conveyance leaves no room for doubt that the grantor intended to convey to his children a life estate only. If, however, there was in the grant a limitation of the estate to the heirs of the grantees to take by devolution from them at their death, the intention of the grantor was frustrated by the rule in *Shelley's Case*. If, on the other hand, it appears that the grantor intended that there should be the root of a new succession, taking directly from him as purchasers, that

intent must be given effect to the exclusion of the rule. "The thing sought for is not the persons who are directed to take the remainder, but the character in which the donor intended them to take." *Guthrie's Appeal,* 37 Pa. 9. In *Vogt* v. *Graff,* 222 U. S. 404, 56 L. ed. 249, 32 Sup. Ct. Rep. 134, in the Supreme Court of the United States, the bequest was to trustees, the income to be paid Vogt and "the principal to be paid to his heirs after his death." The court sustained the ruling of this court (26 App. D. C. 46, and 33 App. D. C. 356), that the word "heirs" was not used in its full legal sense, but as a mere *descriptio personarum,* and hence that the rule did not apply. The Supreme Court quoted with approval from *Kemp* v. *Reinhard,* 228 Pa. 143, 29 L.R.A.(N.S.) 958, 77 Atl. 436, which is an apposite case, for there the devise was to Kemp "for and during his lifetime" and after his decease "to his issue in fee." It is proper, therefore, for us to inquire in the present case as to the intention of the grantor in the use of the word "children" in the grant of the remainders. As was said in *Kemp* v. *Reinhard,* the rule "is silent until the intention of the grantor or devisor is ascertained."

The deed herein purports to convey a life estate only to the children of the grantor, with *remainders* to their children as tenants in common in fee simple. We think it clear that the grantor used the word "children" not as a limitation of the remainders, but in a descriptive sense; in other words, the children were to take, under this deed, from the original grantor, and not by devolution from their parents. A different view would be inconsistent with the ruling of the Supreme Court in *Vogt* v. *Graff,* supra.

The grandchildren of the grantor are the remaindermen. This is so plain as to be beyond the realm of doubt. Upon the birth of a child to one of the life tenants the remainders vested in him. In other words, he became the sole representative of a class. This class, however, was liable to be augmented by the birth of other children. Thus, appellant's deceased child, as the sole representative of her husband, was entitled to at least one fourth of the remainder, and the child Gladys to another

one fourth as the representative of her mother. Unless other children are born to the three living life tenants, these two children, or their heirs, will be entitled to the other half of the estate. Upon the death of a life tenant without issue, another division of the estate can be made.

The decree as modified by this opinion is affirmed, the costs to be paid by the trustee as an expense of the estate.

*Affirmed.*

An application by the appellant for the allowance of an appeal to the Supreme Court of the United States was denied June 3, 1912, and a motion for a rehearing was overruled October 8, 1912.